# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN HENDERSON, | : | 1:12-cv-1672 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| SCOTT MIDDLEBROOKS, *et al.*, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### March 25, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (doc. 25), filed March 1, 2013, which recommends that we grant the collective Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment (doc. 19) and dismiss the *pro se* Plaintiff's Complaint (doc. 1). Objections were due on or before March 15, 2013 and to date none have been filed. Thus, this matter is ripe for our review. For the reasons stated herein, we shall adopt the R&R in its entirety.

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

*Pro se* Plaintiff Shawn Henderson ("Henderson") filed a Complaint (doc. 1) on August 22, 2012, alleging that several of his jailers at the Federal Correctional Complex ("FCC") Coleman in Coleman, Florida used excessive force and assaulted him without justification in violation of the Eighth Amendment to the United States Constitution. The collective Defendants filed the instant Motion to Dismiss or in the Alternative for Summary Judgment on December 21, 2012. (Doc. 19). On January 11, 2013, the Defendants filed a brief in support of said Motion. (Doc. 22).

Local Rule of Court 7.6 requires that briefs in opposition be filed within fourteen (14) days of receipt of the movant's supporting brief. The Rule further provides that "any party who fails to comply with this rule shall be deemed not to oppose such motion." The *pro se* Plaintiff's opposition papers were thus due to this Court on or before January 25, 2013. No opposition papers were filed, and on March 1, 2013, Chief Magistrate Judge Carlson rendered an R&R recommending dismissal of the Plaintiff's Complaint.

Judge Carlson first concluded that by operation of Rule 7.6 and the policy considerations supporting the same, the Defendants' Motion should be deemed unopposed. (Doc. 25, pp. 4-6). Judge Carlson opined that failure to abide by the procedural rules of this Court prejudices the parties who do follow those rules and that, given the Plaintiff's demonstrated disregard for the procedural rules of this Court and failure to timely file opposition papers, application of Rule 7.6 is properly applied in this instance. Judge Carlson also found that, in additional to this deemed non-opposition under the Local Rules, dismissal is warranted pursuant to Federal Rule of 41, which permits dismissal if the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). After weighing the factors articulated in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863, 868 (3d Cir. 1984), Judge Carlson concluded that the larger balance of

3

those factors weigh in favor of a finding that the Plaintiff has failed to prosecute this matter and that the claims against the Defendants should be dismissed.

After addressing these threshold procedural bars, Judge Carlson went on to conclude that dismissal is proper for several additional reasons: first, the Plaintiff has entirely failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which bars prosecution of Section 1983 claims in an Article III court unless the inmate grievance process has been fully exhausted; and second, that venue in Pennsylvania federal court for claims arising in a Florida prison is patently improper. Regarding exhaustion, the Defendants argued, and the Plaintiff did not contest, that the complaints have not been heard in the prison grievance system, an undisputed fact fatal to the Plaintiff's claims. Judge Carlson next concluded that the pleading violates one of the basic rudiments of a valid civil complaint by being brought in an improper venue. For both of these additional reasons, Judge Carlson recommends that the Court grant the Defendants' unopposed Motion in its entirety and dismiss the Plaintiff's claim.

As we have already noted, neither party has filed objections to the R&R. Upon review of the parties' submissions, we agree with the sound reasoning that led Judge Carlson to the conclusions in the R&R, and we will thus adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not

rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.